**O'NEILL, Admrx., Plaintiff-Appellee, v. FREEZMAN, Defendant-Appellant.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1000. Decided June 9, 1947.

**218**

Joseph J. Pisarro, Steubenville, for plaintiff-appellant.
George A. Kichinko and Lee Van Tilburg, Steubenville, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Sarah O'Neill, now deceased, owned land fronting approximately twenty-five feet on the west side of North Sixth Street in the city of Steubenville which extended westerly from the westerly street line of North Sixth Street to a common alley, on which a dwelling was situated which was built four feet from the westerly street line of North Sixth Street and four feet from the southerly line of her land.

Defendant owns adjoining land fronting 23.65 feet on the west side of North Sixth Street in such city, which extends westerly from the westerly street line of North Sixth Street to the same alley.

One means of ingress and egress to and from the front porch of the dwelling situated on the O'Neill property has been by means of steps leading from a thirty-five inch improved walk situated on the northerly side of defendant's property and owned by him, which extends westerly from the westerly street line of North Sixth Street to the alley described above, which Sarah O'Neill used from the time she purchased her property in January 1922, and the public in general used during and before such time.

A judge of the court of common pleas perpetually enjoined defendant from obstructing the above described walkway situated on his land, or interferring with Sarah O'Neill

in its use, as prayed for in her petition, on the ground that she acquired a prescriptive use thereof by adverse possession, and ordered that plaintiff "be quieted in her right the enjoyment of said walk or right of way that she has the right to use and enjoy the same together with her heirs, administrators, executors and assigns" (sic).

Defendant appealed from that order and judgment of the court of common pleas to this court on questions of law and fact.

During oral argument counsel for the respective parties stated in open court that since defendant filed his notice of appeal plaintiff died, and at the request of counsel for both parties and by their consent Helen O'Neill, administratrix of the estate of Sarah O'Neill, deceased, was substituted as party plaintiff.

As stated, defendant appealed on questions of law and fact, but his counsel filed assignments of error claiming that the order and judgment of the trial court was against the manifest weight of the evidence and contrary to law. Of course defendant's appeal will be considered and disposition of it made as one on questions of law and fact.

The evidence discloses that access to the dwelling situated on the O'Neill land can be had from the alley described above, from the front of the dwelling situated on the O'Neill land, which as suggested is situated four feet from the westerly street line of Sixth Street, from which the evidence discloses likewise steps can be built to the front of such building from a basement entrance from Sixth Street, and from the four foot strip of land which belonged to plaintiff Sarah O'Neill situated on the southerly side of such land, making a way of necessity over defendant's land obviously unnecessary.

We are unable to determine from the brief filed by plaintiff's counsel, or from his meager oral argument in which he merely stated that he relied on the cases of **Pavey v Vance, et al, 56 Oh St 162,** and **Dutro v McCammon, 16 Oh Ap 81,** to support his contention in this appeal, or from any of the papers submitted to us in this appeal whether plaintiff claims a way of necessity over defendant's land; and since counsel for defendant claims the question of right of way by necessity is one of the questions settled in the case of Pavey v Vance, et al, supra, and counsel for defendant stated in oral argument that since plaintiff relied on that case he was introducing evidence to refute any possibility of such claim in the event plaintiff claims, or intended to claim, any such right to pass over defendant's land, we dispose of that question as stated heretofore herein.

There is evidence before us, which need not be recited at length here, some of which was not submitted to the trial judge, which in our opinion brings this case within the reasoning and decision reached in the case of Pavey v Vance, supra. Accordingly, we conclude that plaintiff should be and hereby is "quieted in her right and enjoyment in said walk or right of way" as described in her petition, and that she "together with her heirs, executors, administrators and assigns be decreed to have the right to use and enjoy the same", and that the defendant, his heirs, executors, administrators and assigns may be forever enjoined from interferring with her in such use and enjoyment thereof.

An entry drawn in accordance with the finding of this court as shown by this opinion may be presented.

CARTER, PJ, NICHOLS, J, concur in judgment.